[No. 2,613.]

# THE EEL RIVER NAVIGATION COMPANY *v.* JUS-TUS STRUVER.

SERVICE OF SUMMONS UPON CORPORATION—PRESIDENT DE JURE.—In an action against a corporation, where the summons was served upon Bristol, who had been duly elected its President and presided at several meetings of its Board of Trustees, and who had never resigned, or been removed, or his office declared vacant, or a permanent President chosen in his place—though he.had left the county and no longer took any part in the management of the corporation affairs, and at the meeting of the Board after his so leaving the county, another person was elected President pro tem. for that meeting, and was regarded by the stockholders as the President: *held*, that Bristol was still President *de jure*, and the service upon the corporation valid.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

In December, 1867, Justus Struver, as the assignee of E. W. Linsley & Co., commenced an action in the Fourth District Court against The Eel River Navigation Company to recover a balance alleged to be due for goods sold and delivered. The summons was served in the same month, in San Francisco, upon J. D. Bristol as the President of the corporation. No appearance being made a default was entered and judgment by default taken against the corporation in January, 1868, for six thousand eight hundred and twenty-two dollars and sixty-one cents. It was this judgment which the present action was brought to set aside.

The Eel River Navigation Company was organized as a corporation by filing its certificate in the County Clerk's office of Humboldt County, on October 2d, 1865; and Ferndale, in that county, named as the principal place of business. On the next day a meeting of the Trustees mentioned in the certificate was held at Ferndale, and Bristol, who was one of the number, was elected President for three months. He attended and presided over another meeting of the

Trustees, held on October fifth, and soon afterwards left Humboldt County and never returned or afterwards took any part whatever in the concerns of the corporation.   On October fourteenth, at a meeting of the Trustees—Bristol being then absent—N. Patrick was elected President pro tem. for that meeting; and it appears that he continued to act as President *de facto.*   None of the other officers, or agents, or stockholders, knew anything about the service on Bristol until several months after the entry of judgment against the corporation.

There having been a judgment in the present action for defendant, the plaintiff appealed.

*M. G. Cobb,* for Appellant.

If Bristol were ever President at all, it was only for the first three months of the existence of the corporation. (Hitt. Dig. 933, 936.)   If he remained President after the first three months, he was simply President *de jure,* and Patrick was President *de facto.*   But Patrick, so far as Struver was concerned, was President *de jure* at the time of the service of the summons.   (*Touhy* v. *Chase,* 30 Cal. 524; *People* v. *Allen,* 6 Wend. 487; *Rumsey* v. *People,* 19 N. Y. 41; *Colt* v. *Eves,* 12 Conn. 243; *Pond* v. *Negus,* 3 Mass. 230; *People* v. *Peck,* 11 Wend. 612.)   Even if Patrick were only President *de facto,* service should have been made on him and not on Bristol, even if Bristol were President *de jure.* (Ang. & Ames on Cor., Sec. 286; *Berrian* v. *Methodist Soc. of N. Y.,* 4 Abbott Pr. 424; *McCall* v. *Byram Manufacturing Co.,* 6 Conn. 435.)

Courts, of law and equity both, will not tolerate any fraud, trick, or misrepresentation, in the service of process, by means of which the spirit and intent of the law is violated, even though its letter be strictly complied with.   (*Bulkley* v. *Bulkley,* 6 Abb. 311; *Carpenter* v. *Spooner,* 2 Sandf. 717; 2

Code Rep. 140; *Goupel* v. *Simonson*, 3 Abb. 474; *Haight* v. *Husted*, 5 Abb. 170; *Wells* v. *Gurney*, 8 Barn. & Cress. 769.)

*Walter Van Dyke*, for Respondent.

No other President than Bristol was ever elected, or attempted to be.elected. Patrick was never elected other than President pro tem. He was neither President *de. jure* nor *de facto*—there was not even the color of an election as President. (Ang. & Ames on Cor., Sec. 287.)

There is no sufficient showing for the interposition of a Court of equity; no reason given why a motion to open the default was not made. (Pr. Act, Sec. 68; *Bibend* v. *Krentz*, 20 Cal. 109; 2 Story Eq. Jur., Secs. 887, 888; *Floyd* v. *Jaynes*, 6 John. Ch. 479; 7 Cranch. 336.)

This appeal being from the judgment only, the appellant is bound by the findings, and they sustain the judgment. (*Harper* v. *Minor*, 27 Cal. 107.)


By the Court, CROCKETT, J.:

This is an appeal by the plaintiff, on the judgment roll alone, from a judgment for the defendant. The action is to set aside a judgment obtained by the defendant against the plaintiff, on the ground that one Bristol, on whom the summons in that action was served, as President of the corporation, was not, when served, the President, or indeed an officer of said corporation; that the corporation or its officers had no knowledge of the pendency of the action until long after the judgment by default was entered, and that it has a meritorious defense.

It appears from the findings that Bristol was duly elected the President of the corporation soon after its organization, and presided at several meetings of the Board of Trustees; that he subsequently ceased to.reside in the county in which the corporation had its principal place of business, and after

he left the county, at a meeting of the Board one Patrick was elected President pro tem. for that meeting; but Bristol never resigned his office, and was never removed, nor was his office declared vacant; that Bristol thereafter took no part in the management of the affairs of the corporation, and Patrick was regarded by the stockholders as the President; but no permanent President was ever chosen in place of Bristol.

Upon these facts, I think the Court below properly held the service upon Bristol as President to be valid and sufficient to give the Court jurisdiction over the corporation. Service upon Patrick as President *de facto* might, and probably would have been, good; but Bristol was President *de jure*, and I think the service upon him was clearly valid.

Judgment affirmed.